**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| NICOLE ROCKETT, | ) | FILED: SEPTEMBER 19, 2008 |
| | ) | 08CV5369 |
| Plaintiff, | ) | JUDGE SHADUR |
| | ) | MAGISTRATE JUDGE KEYS |
| vs. | ) | EDA |
| | ) | |
| CITY OF CHICAGO, ILLINOIS, and | ) | |
| CHICAGO POLICE OFFICERS | ) | |
| C. D. McCLAY, Star No. 4735, and | ) | |
| R. I. GAINES, JR., Star No. 4898, | ) | |
| | ) | |
| Defendants. | ) | **JURY TRIAL DEMANDED** |

**COMPLAINT**

Now comes Plaintiff, NICOLE ROCKETT, ("Plaintiff"), by and through her

attorneys, Jeffrey B. Granich and Katie Z. Ehrmin, and makes the following complaint

against Defendant CITY OF CHICAGO, ILLINOIS, ("Defendant City"), Defendant

CHICAGO POLICE OFFICERS C. D. McCLAY, Star No. 4735, and R. I. GAINES, JR.,

Star No. 4898, ("Defendant Officers"):

**JURISDICTION and VENUE**

1.  This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation
    under color of law of Plaintiffs' rights as secured by the United States
    Constitution.

2.  This Court has jurisdiction of the action pursuant to 28 U.S.C. §§ 1331, 1343
    and 1367.

3.  Venue is proper under 28 U.S.C. § 1391(b).  All parties reside in this judicial
    district and the events giving rise to the claims asserted in this complaint
    occurred within this district.

## PARTIES

4.     At all times relevant hereto, Plaintiff Nicole Rockett was a 32 year-old, African-American female resident of Chicago, Illinois.

5.     At all times relevant hereto, Defendant Officers were Police Officers for the City of Chicago and were acting under the color of the law and within the scope of their employment.

6.     Defendant City of Chicago is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant Officers.

## FACTUAL ALLEGATIONS

7.     On July 10, 2008, Plaintiff was outside her residence located at 8029 S. Bishop St. in Chicago, Illinois.

8.     Defendant Officers arrived and immediately seized and arrested Plaintiff.

9.     Defendant Officer McClay twisted Plaintiff's hand in such an aggressive manner that he broke her left wrist.  At this time, Plaintiff informed Defendant Officers that Officer McClay broke her left wrist.   The Defendant Officers ignored her serious injuries, pain, and requests to receive medical treatment.

10.    Defendant Officer McClay then proceeded to strike her had on the top of the squad car.  Again, Plaintiff informed Defendant Officer McClay that she was injured and wanted to go to the hospital for treatment for her injuries.

11.    At no time during this incident or her arrest did Plaintiff resist her arrest by any Defendant Officer or any Chicago Police personnel in any manner.

12.    One or more Defendant Officers then responded to another incident near 8000 S. Bishop and forced Plaintiff to remain in their squad car while she was suffered acute pain for approximately ten to fifteen minutes while they responded to the incident.

13.    One or more Defendant Officers then transported Plaintiff to the 5th District Chicago Police Station where she was charged with a violation of 720 ILCS 5.0/12-3-A-2 and unlawfully searched.

14.    Plaintiff remained in custody until approximately 5:00 a.m. in the morning of July 10, 2008 when she was finally transported to Little Company of Mary Hospital for medical treatment for the injuries she suffered by

2

Defendant Officer McClay.

15.      On August 5, 2008, all charges against Plaintiff were dismissed.

## Count I – 42 U.S.C. § 1983 False Arrest

16.      Plaintiff re-alleges paragraphs 1 through 15 as if fully repleaded herein.

17.      On July 10, 2008, Plaintiff was seized and arrested without a warrant and without probable cause. These seizures and arrests were in violation of Plaintiff's rights secured under the Fourth and Fourteenth Amendments of the Constitution of the United States.

18.      Defendant Officers unlawfully and maliciously arrested Plaintiff and wrongfully detained and searched her without any legal right to do so, in their official capacity as law enforcement officers, under color of state law, and acting within the scope of their employment.

19.      The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

     a.      As a matter of both policy and practice, the Chicago Police Department directly encourages the type of misconduct at issue here by failing to adequately train, supervise and control its officers, and its failure to do so constitutes deliberate indifference;

     b.      As a matter of both policy and practice, the Chicago Police Department facilitates the type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting Plaintiff; specifically, Chicago Police officers accused of misconduct are aware that the Office of Professional Standards will not fully investigate these accusations and will almost always refuse to recommend discipline even where the officer has engaged in wrongdoing;

     c.      As a matter of widespread practice so prevalent as to comprise municipal policy, Officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;

d.     Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which Officers fail to report misconduct committed by other Officers, such as the misconduct at issue in this case;

e.     The City of Chicago has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here;

f.     As a matter of express policy, the City of Chicago does not retain any records which are more than five years old documenting allegations of misconduct against police officers, thereby preventing the City from ascertaining any patterns of abuse which might develop over the course of a Police Officer's career;

g.     As a matter of express policy, the City of Chicago refuses to take into consideration patterns of allegations of civil rights violations when evaluating the merits of any particular complaint. Regardless, the number of times an Officer is accused of the same misconduct, the Office of Professional Standards is forbidden by the City from considering those allegations if they are deemed "unsustained"; and,

h.     The problem with the policy identified in the preceding paragraph is that by its own accounting, the City sustains less than 5% of the complaints brought against Police Officers for violations of civil rights.

20.     The acts committed by Defendant Officers were done maliciously, willfully and wantonly, intentionally, and with reasonable certainty that the acts were in violation of Plaintiff's constitutional rights and would cause harm to Plaintiff.

WHEREFORE, Plaintiff prays for judgment against Defendant Officers and Defendant City in a fair and just amount sufficient to compensate her for the injuries she suffered and continues to suffer, plus, Plaintiff seeks a substantial sum in punitive damages against Defendants, costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

### Count II – 42 U.S.C. § 1983 – Excessive Force

21.    Plaintiff re-alleges paragraphs 1 through 15 as if fully repleaded herein.

22.    On July 10, 2008, Defendant Officers subjected Plaintiff to excessive force.

23.    The misconduct as described in the preceding paragraphs was objectively unreasonable and was undertaken intentionally, maliciously, willfully and with reckless indifference to Plaintiff's constitutional rights.

24.    The misconduct described in this count was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

   a.    As a matter of both policy and practice, the Chicago Police Department directly encourages the type of misconduct at issue here by failing to adequately train, supervise and control its officers, and its failure to do so constitutes deliberate indifference;

   b.    As a matter of both policy and practice, the Chicago Police Department facilitates the type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting Plaintiff; specifically, Chicago Police officers accused of misconduct are aware that the Office of Professional Standards will not fully investigate these accusations and will almost always refuse to recommend discipline even where the officer has engaged in wrongdoing;

   c.    As a matter of widespread practice so prevalent as to comprise municipal policy, Officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;

   d.    Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which Officers fail to report misconduct committed by other Officers, such as the misconduct at issue in this case;

   e.    The City of Chicago has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual

knowledge of the same, thereby causing the types of injuries alleged here;

f.   As a matter of express policy, the City of Chicago does not retain any records which are more than five years old documenting allegations of misconduct against police officers, thereby preventing the City from ascertaining any patterns of abuse which might develop over the course of a Police Officer's career;

g.   As a matter of express policy, the City of Chicago refuses to take into consideration patterns of allegations of civil rights violations when evaluating the merits of any particular complaint. Regardless, the number of times an Officer is accused of the same misconduct, the Office of Professional Standards is forbidden by the City from considering those allegations if they are deemed "unsustained"; and,

h.   The problem with the policy identified in the preceding paragraph is that by its own accounting, the City sustains less than 5% of the complaints brought against Police Officers for violations of civil rights.

25.   As a result of the unjustified and excessive use of force, as well as Defendant City's policy and practice, Plaintiff suffered severe injuries, as well as severe pain and suffering, and emotional distress.

WHEREFORE, Plaintiff prays for judgment against Defendant Officers and Defendant City in a fair and just amount sufficient to compensate her for the injuries she suffered and continues to suffer, plus, Plaintiff seeks a substantial sum in punitive damages against Defendants, costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

### Count III – 42 U.S.C. § 1983 – Failure to Intervene

26.   Plaintiff re-alleges paragraphs 1 through 15 as if fully repleaded herein.

27.   During the constitutional violations as described above, one or more of the Defendant Officers stood by without intervening to prevent the misconduct.

28.   The misconduct described in this Count was objectively unreasonable and was undertaken intentionally, with willful indifference to Plaintiff's constitutional rights.

6

29.     The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

       a.     As a matter of both policy and practice, the Chicago Police Department directly encourages the type of misconduct at issue here by failing to adequately train, supervise and control its officers, and its failure to do so constitutes deliberate indifference;

       b.     As a matter of both policy and practice, the Chicago Police Department facilitates the type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting Plaintiff; specifically, Chicago Police officers accused of misconduct are aware that the Office of Professional Standards will not fully investigate these accusations and will almost always refuse to recommend discipline even where the officer has engaged in wrongdoing;

       c.     As a matter of widespread practice so prevalent as to comprise municipal policy, Officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;

       d.     Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which Officers fail to report misconduct committed by other Officers, such as the misconduct at issue in this case;

       e.     The City of Chicago has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here;

       f.     As a matter of express policy, the City of Chicago does not retain any records which are more than five years old documenting allegations of misconduct against police officers, thereby preventing the City from ascertaining any patterns of abuse which might develop over the course of a Police Officer's career;

       g.     As a matter of express policy, the City of Chicago refuses to take into consideration patterns of allegations of civil rights violations

7

when evaluating the merits of any particular complaint. Regardless, the number of times an Officer is accused of the same misconduct, the Office of Professional Standards is forbidden by the City from considering those allegations if they are deemed "unsustained"; and,

h.   The problem with the policy identified in the preceding paragraph is that by its own accounting, the City sustains less than 5% of the complaints brought against Police Officers for violations of civil rights.

30.   As a result of this failure to intervene to prevent the violation of Plaintiff's constitutional rights, Plaintiff suffered pain and injury, as well as emotional distress.  These Officers had a reasonable opportunity to prevent this harm, but failed to do so.

WHEREFORE, Plaintiffs pray for judgment against Defendant Officers and Defendant City in a fair and just amount sufficient to compensate him for the injuries he suffered and continues to suffer, plus, Plaintiff seeks a substantial sum in punitive damages against Defendants, costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

## Count IV – 42 U.S.C. § 1983 Conspiracy

31.   Plaintiff re-alleges paragraph 1 through 15 as if fully repleaded herein.

32.   Defendant Officers and Defendant City reached an understanding, engaged in a sequence of events or course of conduct and otherwise agreed and conspired together to violate the constitutional rights of Plaintiff.

33.   Each Defendant did reach this understanding and agreement and did engage in this course of conduct with the mutual purpose, objective and knowledge that it would deprive Plaintiff of his right of due process, as guaranteed by the constitution.

34.   Additionally, said conspiracy and joint action violated Plaintiff's 14th Amendment rights, under color of law, in contravention of 42 U.S.C. § 1983.

35.   Acting in furtherance of this plan and conspiracy, Defendants did commit overt acts, including the illegal seizure, detention, assault, and search of Plaintiff on July 10, 2008, as more fully alleged in the preceding paragraphs.

8

36.    The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

    a.    As a matter of both policy and practice, the Chicago Police Department directly encourages the type of misconduct at issue here by failing to adequately train, supervise and control its officers, and its failure to do so constitutes deliberate indifference;

    b.    As a matter of both policy and practice, the Chicago Police Department facilitates the type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting Plaintiff; specifically, Chicago Police officers accused of misconduct are aware that the Office of Professional Standards will not fully investigate these accusations and will almost always refuse to recommend discipline even where the officer has engaged in wrongdoing;

    c.    As a matter of widespread practice so prevalent as to comprise municipal policy, Officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;

    d.    Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which Officers fail to report misconduct committed by other Officers, such as the misconduct at issue in this case;

    e.    The City of Chicago has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here;

    f.    As a matter of express policy, the City of Chicago does not retain any records which are more than five years old documenting allegations of misconduct against police officers, thereby preventing the City from ascertaining any patterns of abuse which might develop over the course of a Police Officer's career;

g.   As a matter of express policy, the City of Chicago refuses to take into consideration patterns of allegations of civil rights violations when evaluating the merits of any particular complaint. Regardless, the number of times an Officer is accused of the same misconduct, the Office of Professional Standards is forbidden by the City from considering those allegations if they are deemed "unsustained"; and,

h.   The problem with the policy identified in the preceding paragraph is that by its own accounting, the City sustains less than 5% of the complaints brought against Police Officers for violations of civil rights.

37.   This course of conduct by Defendants described in this count was done willfully, maliciously, intentionally, or with reckless disregard and gross negligence, and directly and proximately caused injury and harm to Plaintiff.

WHEREFORE, Plaintiff prays for judgment against Defendant Officers and Defendant City in a fair and just amount sufficient to compensate him for the injuries he suffered and continues to suffer, plus, Plaintiff seeks a substantial sum in punitive damages against Defendants, costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

## Count V – False Imprisonment

38.   Plaintiff re-alleges paragraphs 1 through 15 as if fully repleaded herein.

39.   Jurisdiction of this court is invoked pursuant to its supplemental jurisdiction under title 28, United States Code §1367.

40.   On July 10, 2008, Plaintiff was seized and detained without a warrant and without probable cause.  This detention and seizure was in violation of Plaintiff's rights secured under the Fourth and Fourteenth Amendments of the Constitution of the United States.

41.   Defendant Officers and Defendant City unlawfully seized, detained, and wrongfully searched Plaintiff without any legal right to do so.

42.   The acts committed by Defendant Officers and Defendant City were done maliciously, willfully and wantonly, intentionally, and with reasonable certainty that the acts were in violation of Plaintiff's constitutional rights and would cause harm to Plaintiff.

WHEREFORE, Plaintiff prays for judgment against Defendant Officers and Defendant City in a fair and just amount sufficient to compensate her for the injuries she

10

suffered, plus, Plaintiff seeks costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

### Count VI—Malicious Prosecution

43.     Plaintiff re-alleges paragraphs 1 through 15 as if fully repleaded herein.

44.     Jurisdiction of this court is invoked pursuant to its supplemental jurisdiction under title 28, United States Code §1367.

45.     Defendant Officers initiated and continued judicial proceedings against Plaintiff by intentionally making knowingly false statements in police reports and causing false testimony to be presented to a Cook County Judge.  This false and malicious conduct resulted in Plaintiff being charged with and prosecuted for a battery.

46.     Defendant Officers instituted the judicial proceedings against Plaintiff with malice and with willful and wanton disregard for the truth.

47.     Defendant Officers brought said false charges and continued the prosecution of such false charges in order to cover up their own illegal conduct.

48.     On August 5, 2008, Plaintiff's case was dismissed.

49.     As a direct and proximate result of this illegal and malicious conduct, Plaintiff has suffered extensive damages, including but not limited to: severe emotional harm, legal and other out-of-pocket costs  and other damages which will be proven at trial.

WHEREFORE, Plaintiff prays for judgment against Defendant Officers and Defendant City in a fair and just amount sufficient to compensate him for the injuries he suffered, plus, Plaintiff seeks costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

### Count VII – Battery

50.     Plaintiff re-alleges paragraphs 1 through 15 as if fully repleaded herein.

51.     Jurisdiction of this court is invoked pursuant to its supplemental jurisdiction under title 28, United States Code §1367.

52.     Defendant Officers maliciously, willfully, wantonly, and without lawful justification or authority caused physical injuries to Plaintiff. Additionally,

11

these Defendant Officers knew with reasonable certainty that their actions would cause Plaintiff physical harm.

53.     Defendant Officers were acting as employees of Defendant City of Chicago and within the scope of their employment when they physically assaulted Plaintiff on July 10, 2008. Plaintiff suffered severe injuries as a result of said intentional battery.

WHEREFORE, Plaintiff prays for judgment against the Defendant Officers and Defendant City in a fair and just amount sufficient to compensate her for the injuries she suffered and continues to suffer, plus, Plaintiff seeks costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

## Count VIII – Intentional Infliction of Emotional Distress

54.     Plaintiff re-alleges paragraphs 1 through 15 as if fully repleaded herein.

55.     Jurisdiction of this court is invoked pursuant to its supplemental jurisdiction under title 28, United States Code §1367.

56.     Defendant Officers' illegal arrest, excessive force, malicious prosecution, battery, and unlawful seizure of Plaintiff were committed with intentional disregard for Plaintiff's innocence, and amount to extreme and outrageous conduct against Plaintiff.

57.     Defendants intended to inflict severe emotional distress upon Plaintiff and knew that there was a high probability that their conduct would cause him severe emotional distress and mental anguish.

58.     As a direct and proximate result of this illegal and malicious conduct, Plaintiff suffered extensive damages, including but not limited to severe physical and emotional harm, legal and other out-of-pocket costs and other damages which will be proven at trial.

WHEREFORE, Plaintiff prays for judgment against Defendants in a fair and just amount sufficient to compensate him for the injuries he suffered and continues to suffer, plus, Plaintiff seeks costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

## Count IX—State Law Claims Against Defendant City
### Respondeat Superior and Indemnification

59.     Plaintiff re-alleges paragraphs 1 through 15 as if fully re-pleaded herein.

12

60.   Illinois law provides that public entities, such as Defendant City, are directed to pay any compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.

61.   At all relevant times, Defendant Officers were agents of Defendant City and employees of the Chicago Police Department acting within the scope of their employment.  Defendant City, therefore, is liable as principal for all torts committed by its agents, Defendant Officers.

WHEREFORE, Plaintiff prays for judgment against Defendants in a fair and just amount sufficient to compensate him for the injuries he suffered, plus, Plaintiff seeks costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

NICOLE ROCKETT,
Plaintiff,

By:   /s/ Jeffrey B. Granich
Jeffrey B. Granich
Attorney for Plaintiff

JEFFREY B. GRANICH
Law Offices of Jeffrey B. Granich
53 W. Jackson Blvd.
Suite 840
Chicago, IL 60604
(312) 939-9009
A.R.D.C. No. 6207030

KATIE Z. EHRMIN
Law Offices of Jeffrey B. Granich
53 W. Jackson Blvd.
Suite 840
Chicago, IL 60604
(312) 939-9009
A.R.D.C. No. 6292120