IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

NICOLE ROCKETT,                  )
                                 )
            Plaintiff,           )
                                 )
    v.                           )    No. 08 C 5369
                                 )
CITY OF CHICAGO, ILLINOIS, et al.,)
                                 )
            Defendants.          )

## MEMORANDUM ORDER

City of Chicago ("City") and two of its police officers ("Officers") have filed their Answer to the Complaint brought against them by Nicole Rockett ("Rockett") under the auspices of 42 U.S.C. §1983 ("Section 1983"), to which Rockett has appended several state law claims. This memorandum order is issued sua sponte to address certain problematic aspects of the affirmative defenses ("ADs") that are advanced after the Answer itself:

1. AD 1, which asserts qualified immunity as to Officers, is at odds with the fundamental principle, which underlies Fed. R. Civ. P. ("Rule") 8(c) and the caselaw applying it (see also App. ¶5 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 278 (N.D. Ill. 2001)), that a plaintiff's allegations must be taken as true for AD purposes. Where as here a factfinder must determine whose version of contested facts is to be accepted, any such threshold qualified immunity contention is inappropriate. Hence AD 1 is stricken.

2. Each of ADs 2 through 5 begins with the phrase "To the extent...." That locution is appropriate as to AD 2, because the presence or existence of mitigation on Rockett's part cannot be known at this time. But because all of the other cited ADs are not of that type, the federal notice pleading regime (applicable to defendants as well as plaintiffs) requires defense counsel to recast those ADs to conform to Rockett's actual assertions in particularized fashion. That must be done on or before November 21, 2008.

3. In addition, ADs 3 and 4 exhibit the same flaw as AD 1: they are directly at odds with Rockett's allegations of wilful and wanton conduct. They are also stricken.

4. AD 6, if it is correct (a matter as to which this Court expresses no view), would apply only as to Rockett's state law claims, not to any grounded in Section 1983.

_____
Milton I. Shadur
Senior United States District Judge

Date: November 12, 2008